IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 31 2013

JAMES N. HATTEN, Clerk
By: \_\_\_\_\_ Deputy Clerk

**DEMETRIUS NICKENS**
PO Box 931292
Norcross, Georgia 30003
    **Plaintiff**
Vs.

**EQUIFAX INFORMATION SERVICES LLC**
1550 Peachtree Street, NW
Atlanta, Georgia 30309

Civil 13-CV-0333

TWT

Serve: Kent E. Mast
1550 Peachtree Street NW
Atlanta, Georgia 30309

And
**HSBC CARD SERVICES INC.**
26525 N. Riverwoods Boulevard
Mettawa, IL 60070

Serve: CT Corporation System
1201 Peachtreet Street, NE
Atlanta, Georgia 30361

    Defendant's

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY TRIAL PRAYER

NOW COMES, DEMETRIUS NICKENS, representing himself, (hereinafter referred as "Plaintiff"), sues the above-captioned Defendant(s), in response to Defendant(s) numerous, willful and intentional violations of the Fair Credit Reporting Act and other state law. In support, Plaintiff states:

1

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 et seq., as amended, and various other state laws.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. Plaintiff, Demetrius Nickens, is a resident of Gwinett County, Georgia and is a citzen of the United States.

5. Defendant Equifax Information Services, LLC (hereafter "EIS") is a business entity that regularly conducts business in Fulton County, Georgia and which has a principal place of business located in Atlanta, Georgia.

6. Defendant HSBC Card Services, Inc., (hereafter "HSBC") is a business entity that regulary conducts business in Georgia and has a principal place of business in Mettawa, Illinois.

## IV. FACTUAL ALLEGATIONS

7. Defendant has been reporting derogatory and inaccurate statements and

information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8. The inaccurate information includes, but is not limited , That Plaintiff is deceased.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of a statement that the plaintiff is deceased which has effected Plaintiff's credit score.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

11. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

12. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and

extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

14. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of being reported as deceased.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein

## COUNT I- VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (ALL DEFENDANT'S)

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(b) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(c) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of $100,000.00, plus cost and attorneys fees.

## COUNT II-DEFAMATION
## (ALL DEFENDANTS)

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant's has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

27. Defendant has published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

28. The statements made by Defendant are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

29. Defendant has published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

30. The written statements and publications constitute libel per se.

31. The oral statements and publications constitute slander per se.

32. In addition, and despite the repeated notices from Plaintiff, Defendant has acted with malice by failing to communicate the information provided to them by Plaintiff to all provides credit information concerning the Plaintiff.

33. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiff prays for judgment in the amount of $150,000.00, plus cost and attorneys fees.

### COUNT III- NEGLIGENCE
### (ALL DEFENDANTS)

34. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

35. Defendant's negligence consists of the following:

(a) Violating the FCRA as set forth above;

(b) Failing to provide prompt notice of the inaccurate information to creditors;

(c) Failing to employ and follow reasonable procedures to assure maximum possible

accuracy of Plaintiff's credit report, information and file;

(d) Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(e) Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

36. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of $150,000.00, plus cost and attorneys fees.

### COUNT IV- INVASION OF PRIVACY/FALSE LIGHT
### (ALL DEFENDANT'S)

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendant's above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

40. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

41. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiff prays for judgment in the amount of $150,000.00, plus cost and attorneys fees.

## COUNT V- **WILLFUL BREACH OF SETTLEMENT AGREEMENT (EQUIFAX)**

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. On June 4, 2010, Plaintiff filed suit against Defendant Equifax in the Northern District of Maryland, for reporting his as deceased on the credit bureau.

44. October 26, 2010, Plaintiff and Defendant entered into a confidential settlement agreement resolving the matter.

45. The Defendant breached the settlement agreement when it re-reported Plaintiff as deceased.

46. The Plaintiff have suffered damages because of the Defendants breach of settlement agreement.

WHEREFORE, Plaintiff prays for judgment in the amount of $350,000.00, plus cost and attorneys fees.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7 .1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5 .1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

Respectfully Submitted,

**DEMETRIUS NICKENS**
**AS HIS OWN ATTORNEY**
PO Box 931292
Norcross, Georgia 30003
404-952-7230
dcnickens@comcast.net
Plaintiff

11

## JURY TRIAL PRAYER

Plaintiff f prays a jury trial on all counts herein.

_____
Demetrius Nickens