

## IN THE UNITED STATES DISRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB - 7 2013

JAMES N. HATTEN, CLERK
By: P. Branson   Deputy Clerk

**DEMETRIUS NICKENS**
PO Box 931292
Norcross, Georgia 30003
    **Plaintiff**
Vs.

**EQUIFAX INFORMATION SERVICES LLC**
1550 Peachtree Street, NW
Atlanta, Georgia 30309

Serve: Kent E. Mast
1550 Peachtree Street NW
Atlanta, Georgia 30309

    Civil **1-13-CV-0333**

And
**HSBC CARD SERVICES INC.**
26525 N. Riverwoods Boulvard
Mettawa, IL 60070

Serve: CT Corporation System
1201 Peachtreet Street, NE
Atlanta, Georgia 30361

    Defendant's

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AMENDED COMPLAINT AND JURY TRIAL PRAYER

NOW COMES, DEMETRIUS NICKENS, representing himself, (hereinafter referred as "Plaintiff"), sues the above-captioned Defendant(s), in response to Defendant(s) numerous, willful and intentional violations of the Fair Credit Reporting Act, and other state law. In support, Plaintiff states:

1

## I.   PRELIMINARY STATEMENT

1. This is an action for damages brought  by an individual consumer against the   Defendant  for  violations  of  the  Fair  Credit  Reporting  Act  (hereafter  the "FCRA"),  15  U.S.C.    §1681  et  seq.,  Georgia  Fair  Business  Practices  Act, ("GFBPA") O.C.G.A. § 10-1-390 et seqas amended, and various other state laws.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337,  and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES

4. Plaintiff, Demetrius Nickens , is a resident of Gwinnett County, Georgia and is a citizen of the United States.

5. Defendant Equifax Information Services, LLC (hereafter "EIS") is a business  entity that regularly conducts business in Fulton County, Georgia  and which has a  principal place of business located in Atlanta, Georgia.

6. Defendant HSBC Card Services, Inc., (hereafter "HSBC") is a business entity that regularly conducts business in Georgia and has a principal place of business  in Mettawa, Illinois.

12. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

13. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

14. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

15. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of being reported as deceased.

17. At all times pertinent hereto, Defendants' were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants' herein.

18. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein

## COUNT I- <u>VIOLATION OF THE FAIR CREDIT REPORTING ACT</u> (EQUIFAX)

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendant a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

5

23.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(b) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(c) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of $100,000.00, plus cost and attorneys fees.

6

## COUNT II- <u>VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (HSBC)

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. HSBC violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

27. HSBC conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result HSBC is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of $100,000.00, plus cost and attorneys fees.

### <u>COUNT III-DEFAMATION</u>
### (ALL DEFENDANTS)

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant's has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and

other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

30. Defendants have published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

31. The statements made by Defendants are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

32. Defendants have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

33. The written statements and publications constitute libel per se.

34. The oral statements and publications constitute slander per se.

35. In addition, and despite the repeated notices from Plaintiff, Defendants has acted with malice by failing to communicate the information provided to them by Plaintiff to all provides credit information concerning the Plaintiff.

36. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants' are liable to compensate the Plaintiff for the full amount of actual damages, compensatory

8

damages and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiff prays for judgment in the amount of $1,000,000.00 plus cost and attorneys fees.

## COUNT IV- NEGLIGENCE
### (ALL DEFENDANTS)

37. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

38. Defendant's negligence consists of the following:

(a) Violating the FCRA as set forth above;

(b) Failing to provide prompt notice of the inaccurate information to creditors;

(c) Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(d) Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(e) Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

39. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

40. The conduct of Defendant was a direct and proximate cause, as well as a

9

substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are  outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the  full amount of actual and compensatory damages, as well as such other relief, permitted under  the law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of $2,000,000.00, plus cost and attorneys fees.

### COUNT V- <u>INVASION OF PRIVACY/FALSE LIGHT</u> (ALL DEFENDANT'S)

41.       Plaintiff incorporates the foregoing paragraphs as though the same were set forth  at length herein.

42. Defendant's above actions violated Plaintiff's right of privacy by placing the  Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors  as well as family, friends and the general public.

43. By such unauthorized invasion, publication and circulation of Plaintiff's name   and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff  to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's  character, diminished Plaintiff's high standing, reputation and good name among family, friends,   neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

44. The conduct of Defendant was a direct and proximate cause, as well as a

substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are  outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the  full amount of actual, compensatory and punitive damages, as well as such other relief, permitted  under the law.

WHEREFORE, Plaintiff prays for judgment in the amount of $2,000,000.00 plus cost and attorneys fees.

## COUNT VI- WILLFUL VIOLATION OF 15 U.S.C 1681(N)
## (ALL DEFENDANTS' )

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth  at length herein

46. The defendants were previously notified of the inaccurate information and the need for an investigation and acknowledged the fact by noting the dispute on Plaintiff's credit file.

47. The defendants did not comply with the investigation procedures and willfully reported inaccurate information that Plaintiff was deceased.

48. The defendants had no justifiable reason for its non-compliance and their non-compliance was willful and malicious.

49. The Defendants have previously reported that the Plaintiff was deceased on his credit file. After litigation ensued in the US District Court of Maryland over

that reporting the, Defendants removed the inaccurate and defamatory statement from Plaintiffs credit report.

50. Despite having an abundance of notice that the Complainant was not deceased, the Defendants willfully, negligently and with reckless disregard of Complainant's rights, placed the information back on Complainant credit report.

51.    As a direct and proximate result, Complainant has suffered damages.

WHEREFORE, Plaintiff prays for judgment in the amount of $350,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus cost and attorneys fees.

## COUNT VII- WILLFUL VIOLATION VIOLATIONS OF THE GFBPA (ALL DEFENDANTS)

52.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

53.    Defendants' actions constitute violations of Georgia's Fair Business Practices Act.

54. The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Treble and exemplary damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and O.C.G.A. § 10-1-399(d); and

(f) Such other and further relief as may be necessary, just and proper.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7 .1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5 .1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

Respectfully Submitted,

**DEMETRIUS NICKENS**
**AS HIS OWN ATTORNEY**
PO Box 931292
Norcross, Georgia 30003
404-952-7230
dcnickens@comcast.net
PLAINTIFF

13

## JURY TRIAL PRAYER

Plaintiff f prays a jury trial on all counts herein.

Demetrius Nickens

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Amended Complaint was mailed this 3rd day of February 2013, via first class mail postage prepaid to:

Equifax Information Services, LLC
c/o  Jennifer Lorraine Johnson, Esquire
1550 Peachtree Road
Atlanta, Georgia 30309

HSBC Card Services, Inc
Attention: Legal Department
26525 N. Riverwoods Boulevard
Mettawa, Illinois 60070

Defendants'

DEMETRIUS NICKENS

15

**ATTACHMENT**

**REDLINE COMPLAINT**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB - 7 2013

JAMES N. HATTEN, CLERK
By:
                    Deputy Clerk

S. Brannon

REDLINE COMPLAINT

IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| | * | |
| **DEMETRIUS NICKENS** | | |
| PO Box 931292 | * | |
| Norcross, Georgia 30003 | | |
|     **Plaintiff** | * | |
| Vs. | | |
| | * | |
| **EQUIFAX INFORMATION SERVICES LLC** | | |
| 1550 Peachtree Street, NW | * | |
| Atlanta, Georgia 30309 | | ~~Civil~~ _____ |
| | * | |
| Serve: Kent E. Mast | | |
| 1550 Peachtree Street NW | * | |
| Atlanta, Georgia 30309_____ | | Civil 1-**13-CV-0333** |
| | * | |
| And | | |
| **HSBC CARD SERVICES INC.** | * | |
| 26525 N. Riverwoods Boulvard | | |
| Mettawa, IL 60070 | * | |
| | | |
| Serve: CT Corporation System | * | |
| 1201 Peachtreet Street, NE | | |
| Atlanta, Georgia 30361 | * | |
| | | |
|     Defendant's | * | |

*   *   *   *   *   *   *   *   *   *   *   *

## AMENDED COMPLAINT AND JURY TRIAL PRAYER

NOW COMES, DEMETRIUS NICKENS, representing himself, (hereinafter

referred as "Plaintiff"), sues the above-captioned Defendant(s), in response to

1

Defendant(s) numerous, willful and intentional violations of the Fair Credit

Reporting Act, and other state law. In support, Plaintiff states:

## I.   PRELIMINARY STATEMENT

Formatted: Underline

1. This is an action for damages brought by an individual consumer against

the  Defendant for violations of the Fair Credit Reporting Act (hereafter the

"FCRA"), 15 U.S.C.  §1681 et seq., asGeorgia Fair Business Practices Act,

("GFBPA") O.C.G.A. § 10-1-390 et seqas amended, and various other state laws.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C.

§1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant

to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES

4. Plaintiff, Demetrius Nickens , is a resident of GwinettGwinnett County,

Georgia and is a citzencitizen of the United States.

5. Defendant Equifax Information Services, LLC (hereafter "EIS") is a

business  entity that regularly conducts business in Fulton County, Georgia  and

which has a principal place of business located in Atlanta, Georgia.

2

6. Defendant HSBC Card Services, Inc., (hereafter "HSBC") is a business entity that ~~regulary~~regularly conducts business in Georgia and has a principal place of business in Mettawa, Illinois.

### IV.   FACTUAL ALLEGATIONS

7. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**Formatted:** Justified, Line spacing: Double

8. The inaccurate information includes, but is not limited , That Plaintiff is deceased.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of a statement that the plaintiff is deceased which has effected Plaintiff's credit score.

10. ~~Defendant~~Defendants has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

11. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that

3

appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

12.   Plaintiff's credit reports and file have been obtained from ~~Defendant~~Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

13.   As a result of ~~Defendant's~~Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

14.   As a result of ~~Defendant's~~Defendants' conduct, Plaintiff has suffered great physical,

4

emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

**Formatted:** Indent: First line: 0"

15. As a result of ~~Defendant's~~Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. As a result of ~~Defendant's~~Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of being reported as deceased.

17. At all times pertinent hereto, ~~Defendant was~~Defendants' were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the ~~Defendant~~Defendants' herein.

18. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein

**COUNT I- VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(~~ALL DEFENDANT'S~~EQUIFAX)**

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

5

20. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to employ and follow reasonable

procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(b) willfully and negligently failing to properly and timely delete the

inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(c) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is

6

liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of $100,000.00, plus cost and attorneys fees.

> **Formatted:** Line spacing: Double

## COUNT II- VIOLATION OF THE FAIR CREDIT REPORTING ACT (HSBC)

> **Formatted:** Font: Times New Roman, No underline, Not All caps

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. HSBC violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

27. HSBC conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result HSBC is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of $100,000.00, plus cost and attorneys fees.

7

## COUNT III-DEFAMATION
### (ALL DEFENDANTS)

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26 29. Defendant's has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

27. Defendant has 30. Defendants have published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

28 31. The statements made by Defendant Defendants are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

29. Defendant has 32. Defendants have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

30 33. The written statements and publications constitute libel per se.

31 34. The oral statements and publications constitute slander per se.

8

32~~32~~35. In addition, and despite the repeated notices from Plaintiff, ~~Defendant~~Defendants has acted  with malice by failing to communicate the information provided to them by Plaintiff to all provides credit information concerning the Plaintiff.

~~33. Defendant's~~ 36. Defendants' conduct was a direct and proximate cause, as well as a substantial  factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined  more fully above and, as a result, ~~Defendant~~ ~~is~~Defendants' are  liable to compensate the Plaintiff for the full  amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE,  Plaintiff  prays  for  judgment  in  the  amount  of $~~150~~1,000,000.00, plus cost and attorneys fees.

### COUNT ~~III~~IV- NEGLIGENCE
### (ALL DEFENDANTS)

~~34~~37. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at  length herein.

~~35~~38. Defendant's negligence consists of the following:

(a) Violating the FCRA as set forth above;

(b) Failing to provide prompt notice of the inaccurate information to creditors;

(c) Failing  to  employ  and  follow  reasonable  procedures  to  assure  maximum possible

9

accuracy of Plaintiff's credit report, information and file;

(d) Failing to properly and timely delete the inaccurate information from the

Plaintiff's credit files despite being unable to verify the accuracy of the

information and/or being provided with proof of its inaccuracy; and

(e) Continuing to report the inaccurate information despite having knowledge of

the inaccuracies and/or the inability to be verified.

3639. As a result of Defendant's above mentioned conduct, Plaintiff

sustained and continues to sustain the losses and damages as set forth above.

3740. The conduct of Defendant was a direct and proximate cause, as well as

a

substantial factor, in bringing about the serious injuries, damages and harm to

Plaintiff that are outlined more fully above and, as a result, Defendant is liable to

compensate the Plaintiff for the full amount of actual and compensatory damages,

as well as such other relief, permitted under the law.

**WHEREFORE,** Plaintiff prays for judgment in the amount of

$1502,000,000.00, plus cost and attorneys fees.

### COUNT IVV- INVASION OF PRIVACY/FALSE LIGHT
### (ALL DEFENDANT'S)

41. Plaintiff incorporates the foregoing paragraphs as though the same [ **Formatted:** Justified ]

were set forth at length herein.

10

38.    ~~Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.~~

~~39~~42. Defendant's above actions violated Plaintiff's right of privacy by placing the  Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors  as well as family, friends and the general public.

~~40~~43. By such unauthorized invasion, publication and circulation of Plaintiff's name   and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff  to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's   character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff

severe mental and emotional distress.

~~41~~44. The conduct of Defendant was a direct and proximate cause, as well as a

substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are  outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the  full amount of actual, compensatory and punitive damages, as well as such other relief, permitted  under the law.

11

WHEREFORE, Plaintiff prays for judgment in the amount of $~~150~~2,000,000.00~~,~~ plus cost and attorneys fees.

## ~~—~~COUNT ~~V~~VI~~-~~ WILLFUL ~~BREACH~~VIOLATION OF 15 U.S.C 1681(N) (ALL DEFENDANTS' )

45.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth  at length herein

46.    The defendants were previously notified of **~~SETTLEMENT AGREEMENT~~**the inaccurate information and the need for an investigation and acknowledged the fact by noting the dispute on Plaintiff's credit file.

### ~~(EQUIFAX)~~

~~42.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth  at length herein.~~

~~43.    On June 4, 2010,~~47. The defendants did not comply with the investigation procedures and willfully reported inaccurate information that Plaintiff ~~filed suit against Defendant Equifax~~was deceased.

48. The defendants had no justifiable reason for its non-compliance and their non-compliance was willful and malicious.

49. The Defendants have previously reported that the Plaintiff was deceased on his credit file. After litigation ensued in the ~~Northern~~US District Court of Maryland~~, for~~ over that reporting ~~his as deceased on the credit bureau.~~the,

12

Defendants removed the inaccurate and defamatory statement from Plaintiffs credit report.

44.   October 26, 2010, Plaintiff and Defendant entered into 50. Despite having an abundance of notice that the Complainant was not deceased, the Defendants willfully, negligently and with reckless disregard of Complainant's rights, placed the information back on Complainant credit report.

51.   As a confidential settlement agreement resolving the matter.

45.   The Defendant breached the settlement agreement when it re-reported Plaintiff as deceased.

46.   The Plaintiff have direct and proximate result, Complainant has suffered damages because of the Defendants breach of settlement agreement.

WHEREFORE, Plaintiff prays for judgment in the amount of $350,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus cost and attorneys fees.

## COUNT VII- WILLFUL VIOLATION VIOLATIONS OF THE GFBPA (ALL DEFENDANTS)

52.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

53.   Defendants' actions constitute violations of Georgia's Fair Business Practices Act.

54. The conduct of the Defendants was a direct and proximate cause, as

13

well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Treble and exemplary damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and O.C.G.A. § 10-1-399(d); and

(f) Such other and further relief as may be necessary, just and proper.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7 .1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5 .1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

Respectfully Submitted,

14

**DEMETRIUS NICKENS**
**AS HIS OWN ATTORNEY**
PO Box 931292
Norcross, Georgia 30003
404-952-7230
dcnickens@comcast.net
PLAINTIFF

## JURY TRIAL PRAYER

Plaintiff f prays a jury trial on all counts herein.

_____
Demetrius Nickens

15

## CERTIFICATE OF SERVICE

     I hereby certify that Plaintiff's Amended Complaint was mailed this 3rd day of February 2013, via first class mail postage prepaid to:

Equifax Information Services, LLC
c/o  Jennifer Lorraine Johnson, Esquire
1550 Peachtree Road
Atlanta, Georgia 30309

HSBC Card Services, Inc
Attention: Legal Department
26525 N. Riverwoods Boulevard
Mettawa, Illinois 60070

     Defendants'


_____
_____ DEMETRIUS NICKENS


16