# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEMETRIUS NICKENS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) CIVIL ACTION |
| EQUIFAX INFORMATION SERVICES LLC, and HSBC CARD SERVICES, INC., | ) ) FILE NO. 1:13-CV-0333-TWT-ECS ) ) |
| Defendants. | ) ) |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

COMES NOW Defendant HSBC Mortgage Services Inc. ("HSBC"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and files its Response in Opposition to Plaintiff Demetrius Nickens's ("Plaintiff") Motion for Leave to File Third Amended Complaint ("Second Motion to Amend") in the above-styled action, respectfully showing the Court as follows:

# I. INTRODUCTION

Plaintiff's Second Motion to Amend should be denied because the amendment sought therein would be futile. Plaintiff seeks to add a claim for violations of the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390, et seq. ("FBPA") in addition to the claims stated in his proposed Second Amended Complaint. However, as shown in HSBC's Motion to Dismiss Amended Complaint, filed on February 25, 2013, Plaintiff cannot state a claim for violations of the FBPA because 1) such claim is preempted by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), and 2) even if the claim was not preempted, Plaintiff cannot state a claim under the FBPA in this action. Thus, Plaintiff's proposed amendment is futile and this Court should deny Plaintiff's Second Motion to Amend.

# II. PROCEDURAL HISTORY

Plaintiff commenced this action on or about January 31, 2013, by filing a Complaint and Jury Trial Prayer in this Court (the "Complaint"). (See Complaint, Doc. # 1). Plaintiff filed an Amended Complaint and Jury Trial Prayer (the "Amended Complaint") on or about February 7, 2013. (See Amended Complaint, Doc. # 2). In the Amended Complaint, Plaintiff asserts claims against HSBC for violations of the FCRA, violations of the FBPA, defamation, negligence, and

invasion of privacy/false light, seeking statutory, actual, and punitive damages in the amount of at least $12,900,000.00, as well as attorney's fees and costs of litigation.[1] (See generally Amended Complaint). HSBC filed a Motion to Dismiss Amended Complaint on February 25, 2013, showing the Court that all of Plaintiff's claims and theories fail as a matter of law. (See Motion to Dismiss Amended Complaint, Doc. # 5).

Plaintiff filed a Motion for Leave to file Second Amended Complaint on March 6, 2013 (the "First Motion to Amend"), attaching his proposed Second Amended Complaint to the Motion. (See First Motion to Amend, Doc. # 9). In the proposed Second Amended Complaint, Plaintiff asserts additional factual allegations relating to his claim under the FCRA and again asserts claims against HSBC for violations of the FCRA, defamation, negligence, and invasion of privacy/false light.[2] (See First Motion to Amend, Exhibit 1). Plaintiff filed his

---

[1] All of Plaintiff's claims in this action appear to arise from his allegation that either HSBC or Defendant Equifax Information Services LLC ("Equifax") reported inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. (See Amended Complaint, proposed Second Amended Complaint, and proposed Third Amended Complaint). Specifically, Plaintiff appears to assert that HSBC and/or Equifax reported that Plaintiff was deceased. (Id.).

[2] In the proposed Second Amended Complaint, Plaintiff appears to assert new factual allegations, but Plaintiff did not raise any new legal claims or theories. Thus, in light of the liberal nature of Rule 15, HSBC did not file an opposition to

Second Motion to Amend, seeking leave to file a Third Amended Complaint, on April 2, 2013. (See Second Motion to Amend, Doc. # 13). The only substantive difference between the proposed Second Amended Complaint and the proposed Third Amended Complaint is the addition of Plaintiff's claims under the FBPA. (See First Motion to Amend and Second Motion to Amend and Exhibits thereto).

### III. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Second Motion to Amend should be denied because the amendment to include a claim for violations of the FBPA would be futile.

**A. Plaintiff's Motion to Amend Should be Denied Because the Proposed Amendment Would be Futile.**

Rule 15 of the Federal Rules of Civil Procedure allows plaintiffs to amend their complaints "when justice so requires." While Plaintiff is correct that this Court has discretion whether to grant leave to amend, the Supreme Court has identified futility as a reason to deny a request to amend the complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962). This Court has explained that "[t]The denial

---

Plaintiff's First Motion to Amend. However, HSBC maintains that some or all of Plaintiff's claims in the Second Amended Complaint are due to be dismissed.

In the proposed Third Amended Complaint, Plaintiff does not assert any new factual allegations, but instead merely reasserts his prior claim from the Amended Complaint relating to violations of the FBPA. As shown in the Motion to Dismiss Amended Complaint, Plaintiff's FBPA claim is preempted by the FCRA and fails as a matter of law. Thus, Plaintiff's inclusion if his FBPA claims in the proposed Third Amended Complaint is futile, as shown herein.

-4-

of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." Fenello v. Bank of America, N.A., No. 1:11-CV-4139-WSD, 2013 U.S. Dist. LEXIS 20631, *27 (N.D. Ga. Feb. 15, 2013) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) and Mizzaro v. Home Depot, Inc., 544 F.3d 1320, 1255 (11th Cir. 2008)). See also Wedemeyer v. Pneudraulics, Inc., No.12-10825, 2013 U.S. App. LEXIS 3920, *7 (11th Cir. Feb. 26, 2013) ("Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); Presnell v. Paulding Co., Ga., 454 Fed. Appx. 763, 768 (11th Cir. 2011) (finding that "the district court did not abuse its discretion in denying Plaintiff's motion to amend to add the new parties, as the claims against the new parties would have been barred by the statute of limitations, and thus the amendment was futile."); Qian v. Secretary, Dept. of Veterans Affairs, 432 Fed. Appx. 808, 810 (11th Cir. 2011) ("When a district court is moved for leave to amend a complaint, it may deny such a motion for futility. Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant.").

Plaintiff's proposed amendment in this action should not be allowed because (1) the amendment would not state a claim upon which relief can be granted, and (2) the amendment, on its face, would be preempted by the FCRA. See Daniel v. West Asset Management, Inc., No. 11-10034, 2011 U.S. Dist. LEXIS 124788, *27 (E.D. Mich. Oct. 28, 2011) ("having found Plaintiff's defamation claim preempted by [the FCRA], the court concludes that the defamation claim in the proposed amended complaint is futile."); Henderson v. Wells Fargo Bank, N.A., No. 3:09CV1, 2009 U.S. Dist. LEXIS 131823, *13 (W.D.N.C. April 14, 2009) (finding that the "proposed amendments are futile because they would not change the analysis . . . of whether the Fair Credit Reporting Act preempts any allegations or claims stemming from credit-reporting.")

### 1. Plaintiff's FBPA Claim Is Preempted by the FCRA.

As shown in the Motion to Dismiss Amended Complaint, Plaintiff's state law claims, including Plaintiff's FBPA claim, are preempted by the FCRA.

This Court explained preemption of state law claims by the FCRA in great detail in Spencer v. National City Mortgage, 831 F. Supp. 2d 1353 (N.D. Ga. 2011). In Spencer, the plaintiff asserted claims against PNC Bank for violations of the FCRA as well as various state law claims. Id. This Court explained that Congress expanded the scope of the FCRA's preemption of state laws when it

enacted the Consumer Credit Reporting Reform Act of 1996, by adding the following language to the FCRA:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.

Spencer, 831 F. Supp. 2d at 1358 (quoting 15 U.S.C. § 1681t(b)(1)(F)). Recognizing that although "preemption under § 1681t(b)(1)(F) extends not only to state statutory claims, but to state common-law claims as well," the Court noted that "for a claim to be preempted under [this section], two factors must be met: first, the 'requirement or prohibition' – i.e., the legal duty giving rise to the claim – must be 'imposed under the laws of any State,' and second, the state-law claim must relate to a 'subject matter regulated under § 1681s-2.'" Id. at 1363.

In Spencer, the plaintiff's defamation claim arose solely from conduct regulated under § 1681s-2; however, the plaintiff's claims for breach of contract and intentional infliction of emotional distress arose both from conduct regulated under § 1681s-2 (i.e., promises to repair the plaintiff's credit and to stop false negative reporting to CRAs) and from other conduct (i.e., breaching a promise to provide a loan modification). Id. at 1365. Applying the two-part preemption test, the Court found that the plaintiff's defamation claim was "preempted in its entirety" because the legal duty giving rise to the claim was imposed under the

laws of Georgia and the claim related to subject matter regulated under § 1681s-2. Id. at 1365. The Court found that the plaintiff's breach of contract claim was preempted to the extent the claim was imposed under the laws of Georgia (and related to the subject matter regulated under § 1681s-2), but was not preempted to the extent the claim arose out of a contract entered into between the parties because the legal basis for the claim was voluntarily assumed in a contract, not based on state law (regardless of whether the subject matter of the claim was regulated under § 1681s-2). Id. Finally, the Court found that the intentional infliction of emotional distress claim was preempted to the extent the conduct giving rise to that claim was regulated under § 1681s- 2 (the legal duty giving rise to the claim was clearly imposed under the laws of Georgia). Id. at 1365. See also Goia v. CitiFinancial Auto, Civil Action File No. 1:10-CV-2405-WSD, 2012 U.S. Dist. LEXIS 4333, at *29 (N.D. Ga. Jan. 13, 2012) ("A state law defamation claim based on information conveyed in collecting on a debt also is preempted by the [FCRA].").

In the case at bar, Plaintiff's FBPA claim is preempted by § 1681t(b)(1)(F). The legal duties giving rise to Plaintiff's state law claims for violation of the Georgia FBPA (and Plaintiff's other state law claims for defamation, negligence, and invasion of privacy/false light) are clearly imposed under the state laws of Georgia. Plaintiff's state law FBPA claim does not arise out of a separate legal

duty, i.e., a voluntarily assumed contract. Further, Plaintiff's FBPA claim arises solely out of his allegations that HSBC reported inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. This is clearly conduct that is regulated under § 1681s-2, which imposes duties on furnishers to provide accurate information to CRA's (subsection (a)), and to investigate information disputed by a consumer after receiving a notice of a dispute from a credit reporting agency (subsection (b)). See Spencer, 831 F. Supp. 2d at 1357. Thus, the FAA preempts all of Plaintiff's state law claims, including Plaintiff's claim for violations of the FPBA. Thus, Plaintiff's claim under the FBPA is due to be dismissed, and allowing Plaintiff to bring this claim would be futile.

### 2. Plaintiff's Claims for Violations of the FBPA Fail as a Matter of Law.

In addition to the reasons stated above, Plaintiff's claim for violation of the FBPA is also futile because the Georgia FBPA is inapplicable to the transaction at issue. Plaintiff appears to allege that HSBC violated the FBPA when it reported to unknown persons and/or entities that Plaintiff was deceased. (See Second Motion to Amend, Exhibit 1 thereto). However, the FBPA does not apply because HSBC's alleged wrongful conduct had no potential for harm to the general consuming public but rather had potential impact solely upon Plaintiff.

2082798 v1

Plaintiff's allegations are insufficient to support a claim under the FBPA because the potential impact of HSBC's alleged conduct was solely upon Plaintiff, and could not be a source of damage to any other member of the consuming public. The Georgia Court of Appeals has explained this distinction as follows:

> One may bring a private suit under the FBPA only if he is individually injured by the breach of a duty owed to the consuming public in general. O.C.G.A. § 10-1-399 does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction. In those circumstances, even though the plaintiff may be a "consumer" with regard to the transaction, if the deceptive or unfair act or practice had or has no potential for harm to the general consuming public, the allegedly wrongful act of the defendant was not made in the context of the consumer marketplace. Unless it can be said that the defendant's actions had or has potential harm for the consumer public the act or practice cannot be said to have "impact" on the consumer marketplace and any act or practice which is outside that context, no matter how unfair or deceptive, is not directly regulated by the FBPA. State of Ga. v. Meredith Chevrolet, 145 Ga. App. 8, 12 (1978). **When a "consumer" suffers damage as the result of an unfair or deceptive act or practice which had or has potential impact solely upon him and which is not and could not be a source of damage to any other member of the consuming public, there is no public interest to be served by proceeding under the FBPA, and the aggrieved party is relegated to pursuit of relief under other statutory or common law principles.** Zeeman v. Black, [156 Ga. App. 82 (1980)]. The FBPA is no panacea for the congenital ills of the marketplace (and) does not instantly convert every alleged breach of contract into a violation of the (act). DeLoach v. Foremost Ins. Co., 147 Ga. App. 124, 125. Gross v. Ideal Pool Corp., 181 Ga. App. 483, 484-485. [Certain punctuation omitted and emphasis added].

Lynas v. Williams, 216 Ga. App. 434, 436 (1995).

The case Zeeman v. Black, 156 Ga. App. 82 (1980), illustrates the application of the above-quoted principles. In Zeeman, purchasers of real property sued a realty company under the FBPA for an alleged misrepresentation made by the realty company relating to the purchased property. In upholding the summary judgment in favor of the defendant realty company, the Court of Appeals noted that the alleged misrepresentation was

> made only to the [plaintiffs] and to no one else. While we have no doubt that a single instance of an unfair or deceptive act or practice is a sufficient predicate upon which to base a claim for damages under [the FBPA] if the public consumer interest would be served thereby, there is serious doubt that the misrepresentation in the instant case had or could have had impact on any other market than the [plaintiffs] . . . . Absent either public advertising or a misrepresentation such that the specifics of which, if repeated, could be harmful to future similarly situated buyers of real property, it is difficult to find sufficient 'public policy' to authorize resort to the FBPA.

Id. Similarly, in Borden v. Pope Jeep-Eagle, Inc., 200 Ga. App. 176 (1991), the plaintiff asserted an FBPA claim against the defendant in a transaction between the plaintiff and the defendant automobile dealer arising out of a simple interest car loan and the defendant's alleged misconduct relating to that loan. In upholding the directed verdict in favor of defendant, the Court of Appeals held that "[t]here is no evidence that the defendant's actions in this transaction had the potential for harming the general public. Defendant did not advertise simple interest contracts to the general public nor was there evidence that it was defendant's practice to sell

cars promising simple interest installment loans and later attempt to dishonor those contracts." Id.

In this case, Plaintiff's FBPA claim does not arise out of any advertising by HSBC or misrepresentation made by HSBC to the general public. Instead, the allegation asserts that HSBC reported inaccurate information relating only to Plaintiff and/or Plaintiff's credit. These allegations, even if assumed to be true for purposes of this Motion, do not affect the consuming public generally, do not potentially impact anyone other than Plaintiff, and therefore cannot sustain a claim under the FBPA. Plaintiff alleges no facts that the incorrect and/or inaccurate information about Plaintiff allegedly reported by HSBC has injured and/or has any potential to injure the consuming public. Therefore, under Georgia law, Plaintiff's FBPA claims must fail.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, HSBC respectfully requests that this Court DENY Plaintiff's Motion for Leave to File Third Amended Complaint.

Respectfully submitted this 10th day of April, 2013.

>*s/ Alan D. Leeth*
>Alan D. Leeth
>Georgia Bar No. 472031
>aleeth@burr.com

-12-
2082798 v1

Amanda E. Wilson
Georgia Bar No. 165135
awilson@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

Attorneys for Defendant
HSBC C̲ARD S̲ERVICES I̲NC.

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

*s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2013, I presented the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Barry Goheen, Esq.
Betsey L. Tate, Esq.
King & Spalding, LLP
1180 Peachtree street NE, 38th Floor
Atlanta, Georgia 30309-3521
*Attorneys for Defendant Equifax Information Services, LLC*

Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Demetrius Nickens
P.O. Box 931292
Norcross, Georgia 30003
*Plaintiff Pro Se*

*s/ Alan D. Leeth*
Alan D. Leeth
Georgia Bar No. 472031
aleeth@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244