IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 1 0 2013

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

**DEMETRIUS NICKENS**
  PLAINTIFF

Vs.                                    Civil Case.: **1:13-CV-0333**

**EQUIFAX INFORMATION SERVICES, LLC**, *et al*

  DEFENDANTS

* * * * * * * * * * ** * * * * * * * * * * * * * ** * * * * * * * * * * * ** * * * *

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a) and the Federal Rules of Civil Procedure, The Court's Scheduling Order Plaintiff Demetrius Nickens ("hereinafter **"Plaintiff"** or **"Mr. Nickens"**) submits his initial disclosure statement to Defendants. (**"Defendants"**). Plaintiff has not yet completed discovery concerning the factual basis of his claims and proofs. Notwithstanding Plaintiff's good faith efforts, Plaintiff may not yet have discovered facts, legal theories, witnesses or documents, or inadvertently may have omitted facts, legal theories, witnesses or documents from this amended disclosure statement, which later may be deemed relevant. As additional information is discovered, Plaintiff will supplement this disclosure statement.

## I. Names, Addresses and Telephone Numbers of Individuals Likely to Have Discoverable Information.

Pursuant to F.R.C.P. 26(a), the following is a list of those individuals whom Plaintiff believes are likely to have discoverable information that Plaintiff may use to support his claims, proofs and burdens, and the subject of that information: Please see **"Attachment A"** - *Rule 26(a) Initial Disclosure of Individuals Likely to Have Discoverable Information, herein incorporated by reference.*

## II. All Documents and Tangible Things in Plaintiff's Possession.

The following documents are in the control or possession of Plaintiff: Please see *"Attachment B" Rule 26(a) Initial Disclosure of Documents and Tangible Things in Plaintiff's Possession, herein incorporated by reference.*

## III. Computation of Damages Claimed by Plaintiff

Pursuant to F.R.C.P. 26(a)(1)(C), the following is a statement of damages claimed by Defendant: Please see "Attachment C" - *Rule 26(a) Initial Disclosure of Damages Claimed by Plaintiff, herein incorporated by reference.*

## IV. Insurance

Plaintiff does not have any insurance coverage of which she is aware that would provide coverage for any claims arising out of this lawsuit.

**V. State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiff Demetrius Nickens initially brought suit against Equifax Information Services LLC., a national consumer credit reporting agency for their violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, et seq., and state law., for their failure to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the Plaintiff when preparing reports about him, for their failure to conduct reasonable reinvestigations of Plaintiff's disputes and for their failure to block the fraudulent information within four (4) days and provided proper notification to the furnishers of such fraudulent information. Plaintiff and the Defendant Equifax have resolved their claims preliminarily and it is expected that Equifax will be dismissed with prejudice.

Plaintiff Demetrius Nickens brings suit against HSBC Card Services, Inc., furnishers of credit information, for their violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, et seq., and state law., for their failure to conduct reasonable investigations of Plaintiff's disputes after notification from the relevant consumer reporting agencies. For intentionally and with reckless disregard, reporting Plaintiff has being deceased.

Defendants' have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information"). The inaccurate information includes, but

is not limited, That Plaintiff is deceased. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of a statement that the plaintiff is deceased which has effected Plaintiff's credit score.

Defendants' have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of being reported as deceased.

At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

As a result of Defendants' violation, Plaintiff seeks actual, statutory, and punitive damages and attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

VI. **The Legal Issues to be tried.**

1. Whether Defendants are each a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b);

2. Whether Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c);

3. Whether the credit report(s) provided by Defendants Equifax and relating to the Plaintiff were "consumer reports" as defined by the FCRA, 15 U.S.C. § 1681a(d);

4. Whether the Defendant Equifax followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report(s) as required by the FCRA, 15 U.S.C. § 1681e(b);

5. Whether the Defendant HSBC Card Services, Inc., failed to conduct reasonable investigations of Plaintiff's disputes after notification from the relevant consumer reporting agencies.

6. If violations are determined to have occurred, whether the Defendants' conduct was willful or negligent;

7. Whether Plaintiff is entitled to actual damages, and if so, the amount of actual damages to which Plaintiff is entitled;

8. Whether the Plaintiff is entitled to statutory damages pursuant to FCRA, 15 U.S.C. § 1681n;

9. The amount of statutory damages to be awarded to the Plaintiff;

10. Whether the Plaintiff should be awarded punitive damages;

11. Whether Defendants' conduct violated the Georgia Fair Businesses Practices Act (FBPA).

**VII. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Plaintiff incorporates by reference the authority listed in connection with the statement of issues in answer number one, above, and the authority listed in connection with the statement of damages in answer number six, below. In addition, the plaintiff would show that the following cases would be illustrative of issues in this case.

7

- *Bruce v. First USA Bank*, 103 F. Supp. 2d 1135 (E.D. Mo. 2000).
- *Cahlin v. GMAC*, 936 F. 2d 1151 (11th Cir. 1991)
- *Cortez v. Trans Union*, 2010 WL 3190882 (3d Cir. 2010)
- *Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311 (E.D. Pa. 2003);
- *Cushman v. Trans Union Corp.*, 115 F. 3d 220 (3rd Cir. 1997)
- *Dixon-Rollins v. Trans Union, LLC*, No. 09-646 (E.D. Pa., March 9, 2010).
- *Evantash v. G.E. Capital Mortgage Services, Inc.*, 2003 WL 22844198 (E.D. Pa. 2003).
- *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983);
- *Gorman v. Wolpoff & Abramson, et al.* 2009 WL 3365928 (9th Cir. 2009)
- *Guimond v. Trans Union*, 45 F.3d. 1329 (9th Cir. 1995)
- *Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004)
- *Jones v. Federated Fin. Res. Corp.*, 144 F.3d 961 (6th Cir. 1998)
- *Kates v. Croker Nat. Bank*, 776 F.2d 1396 (9th Cir. 1995)
- *Klapper v. Shapiro*, 586 N.Y. S.2d 846 (N.Y. Sup. 1992)
- *Lambert v. Beneficial Mortgage Corp.*, No 05-5468, 2007 WL 1309542 (W.D.Wash. May 7, 2007)
- *Litschitz v. American Express Co.*, 560 F. Supp. 458 (U.S.D.C. Pa. 1983)
- *Philbin v. Trans Union*, 101 F.3d 957 (3d Cir. 1996)
- *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986)
- *Saunders v. Branch Banking and Trust Company*, 526 F.3d 142 (4th Cir.2008)
- *Sheffer v. Experian Information Solutions Inc.*, 249 F. Supp. 2d 560 (E.D. Pa. 2003)
- *Shames-Yeakel v. Citizens Bank*, 2009 WL 2949500 (N.D. Ill. 2009)
- *Stevenson v. TRW, Inc.*, 987 F.2d 288 (5th Cir. 1993)
- *Thibodeaux v. Rupers*, 196 F. Supp. 585 (S.D. Ohio 2001)
- *Thornton v. Equifax, Inc.*, 619 F.2d 700 (8th Cir. 1980)
- *Van Veen v. Equifax Information Services LLC*, ___ F. Supp. 2d ___, 2012 WL 556063 (E.D. Pa. Feb. 14, 2012)
- *Whitesides v. Equifax Credit Info. Services, Inc.*, 125 F. Supp. 2d 807 (W.D. La. 2000)
- *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057(11th Cir. 2007)
- <u>Bryan v. United States</u>, ___ U.S. ___, 118 S.Ct. 1939, 1944, 141 L.Ed.2d 197 (1998)
- <u>Yeager v. TRW</u>,984 F.Supp. 517, 523 (S.D.Tex.1997).
- <u>Marrale v. Gwinnett Place Ford,</u> 609 S.E.2d 659, 665 (Ga. Ct. App. 2005).
- <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 654 S.E.2d 428 (Ga. Ct. App. 2007)
- *Gordon v. Greenpoint Credit* 266 F. Supp. 2d 1007, 1009-10 (S.D. Iowa 2003) (Pratt, J.).

**VIII. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Plaintiff has not yet determined who, if anyone, he will call as an expert witness in this matter. Once such a determination is made, Plaintiff will forward any such expert reports to the Defendants as provided by the Federal Rules of Civil Procedure and the scheduling order(s) of this Court.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7 .1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5 .1(B). The foregoing MOTION was prepared on a computer, using Times New Roman 14 point font.

Respectfully Submitted,

*/s/ Demetrius Nickens*
Demetrius Nickens
PO Box 931292
Norcross, Georgia 30003
(770) 687-2052, Office
(443) 213-1480, Facsimile
dcnickens@comcast.net

PLAINTIFF SUI JURIS

9

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **DEMETRIUS NICKENS** <br> PLAINTIFF | * <br> * <br> * <br> * |
| Vs. | * Civil Case.: **1:13-CV-0333** <br> * |
| **EQUIFAX INFORMATION SERVICES, LLC**, *et al* <br><br> DEFENDANTS | * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ATTACHMENT A"
### Supplemental Rule 26(a) Initial Disclosure of Individuals Likely to Have Discoverable Information

| NAME (ADD./TEL./FAX) | SUBJECT MATTER OF THE KNOWLEDGE OR INFORMATION POSSESSED |
|---|---|
| **Demetrius Nickens** <br> PO Box 931292 <br> Norcross, Georgia 30003 <br> Telephone: ***770-687-2052*** | Mr. Nickens will testify that he is not deceased. Furthermore, Mr. Nickens will testify to the facts and statements in his complaint. Moreover, Mr. Nickens will testify that HSBC and Equifax have reported the same erroneous information before and that he was damaged than and have been damaged now by their willful behavior. |
| **Comenity Bank** <br> C/o Customer Care Team <br> PO Box 182272 <br> Columbus, Ohio 43218-2272 <br> Telephone: ***1-866-214-6962*** | Agents of Comenity Bank will testify that the Plaintiff was denied credit on the basis that he was deceased. Furthermore, that they relied on the information provided from Equifax in rendering their decision. |
| **Dr. Patricia Newton, MD MPH MA** <br> 1 E Chase St Suite 201 <br> Baltimore, MD 21202 | Dr. Newton is Plaintiff's treating psychiatrist and can testify that the defendant's behavior as exasperated |

10

| | |
|---|---|
| Office: (410) 752-2943 | Plaintiff's preexisting condition. |
| **Equifax Information Services, LLC** | Equifax agents will testify among other thing, their procedures for maintaining Plaintiff's record and such notifications made regarding disputes. |
| **HSBC Card Services, Inc** | HSBC agents will testify among other thing, their procedures for reporting to Plaintiff's credit record. |
| **All witnesses of the Defendants'** | |
| **Plaintiff reserves the right to amend his disclosures.** | |

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DEMETRIUS NICKENS<br>PLAINTIFF | * <br> * <br> * <br> * |
| Vs. | * Civil Case.: **1:13-CV-0333** <br> * |
| EQUIFAX INFORMATION SERVICES,<br>LLC, *et al*<br><br>DEFENDANTS | * <br> * <br> * <br> * <br> * |

**"ATTACHMENT B"**
Supplemental Rule 26(a) Initial Disclosure of Documents
and Tangible Things in Plaintiff's Possession

| DATE | DOCUMENT/EXHIBIT/DESCRIPTION |
|---|---|
| January 22, 2013 | Denial Letter from Comenity Bank |
| January 27, 2013 | Credit Report |
| 1-2011-1-2013 | Experian Credit Hits |
| February 5, 2013 | Letter from HSBC regarding deceased status. |
| February 26, 2013 | Notice of Claim Regarding GFBPA Violations |
| | |
| | ***Plaintiff Reserves The Right to Supplement*** |

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **DEMETRIUS NICKENS**<br>PLAINTIFF | * <br> * <br> * <br> * |
| Vs. | *    Civil Case.: **1:13-CV-0333** <br> * |
| **EQUIFAX INFORMATION SERVICES, LLC**, *et al* <br><br> DEFENDANTS | * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \*\* \* \* \* \*

## "ATTACHMENT C"
### Supplemental Rule 26(a) Initial Disclosure of Damages Claimed by Plaintiff.

| DAMAGES | CALCULATIONS/DETERMINATION | DOLLAR AMOUNT OF DAMAGES |
|---|---|---|
| PUNITIVE | SIMILAR CASES/TRIER OF FACT DETERMINATION, ETC., | $350,000.00 |
| COMPENSATORY | INCONVENIENCE, STRESS, PAIN & SUFFERING; NEGLIGENCE OF DEFENDANTS AND OTHERS | $65,000.00 |
| MEDICAL BILLS AND COST (SPECIALS)* | PLAINTIFF IS STILL BEING TREATED. | $185.00 |
| EXPENSES/COST*** | FILING FEE'S, EXPERT FEES, INVESTIGATORS, DEPOSITION COST, COPIES, POSTAGE AND OTHERS. | $4,000.00 (estimated) |
| FUTURE MEDICAL'S | BASED ON PLAINTIFF'S INJURIES AND AGGRAVATION OF PRE-EXISTING INJURIES. | $0.00 |
| LOSS WAGES** | PLAINTIFF'S ACTUAL LOSS WAGES | $ 0.00 |

## ***COST INCURRED BY PLAINTIFF

| DATE | TYPE | AMOUNT |
|---|---|---|
| January 31, 2013 | US District Court Filing Fee | $350.00 |
| | | |
| | | |
| | | |
| | | |

14

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **DEMETRIUS NICKENS** <br> PLAINTIFF <br><br> Vs. <br><br> **EQUIFAX INFORMATION SERVICES, LLC**, *et al* <br><br> DEFENDANTS | * <br> * <br> * <br> * <br> * Civil Case.: **1:13-CV-0333** <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \*

## NOTICE OF SERVICE

**I HEREBY CERTIFY THAT**, Plaintiff's Initial Disclosures with Exhibits A, B and C, was served on ___8th___ day of ___May___, 2013 via electronic mail and first class mail postage prepaid to:

**Betsy Tate, Esquire**
KING & SPALDING
**1180 Peachtree Street, NE**
**Atlanta, Georgia 30309**
*Counsel to Defendant Equifax Information Services, LLC*

**Alan D. Leeth, Esquire**
BURR & FORMAN, LLP
**171 17th Street, NW Suite 1100**
**Atlanta, GA 30363**
*Counsel to Defendant HSBC Card Services, Inc.*

*[signature]*
Demetrius Nickens