FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 1 0 2013

JAMES N. HATTEN, CLERK
By:
Deputy Clerk

## NORTHERN DISTRICT OF GEORGIA

**DEMETRIUS NICKENS**
    PLAINTIFF

Vs.

      Civil Case.: **1:13-CV-0333**

**EQUIFAX INFORMATION SERVICES, LLC**, *et al*

    DEFENDANTS

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \*\* \* \* \*\* \* \* \* \*

## PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN

    1. **Description of Case:**

(a) **Describe briefly the nature of this action.**

    Plaintiff contends that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., at sections 1681e(b) and 1681g by failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report and failing to clearly and accurately disclose all information in Plaintiff's credit file upon Plaintiff's request.

    The Defendants' conduct subsequently violated the Georgia Fair Business Practices Act, ("GFBPA") O.C.G.A. § 10-1-390 et seq.

(b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

    After being served with the Complaint, HSBC sent Plaintiff a letter dated February 5, 2013, refusing to remove the deceased remark, until Plaintiff went to

1

the Social Security Administration and received a notice from them indicating that Plaintiff was not deceased. Despite, the fact that the Defendant HSBC was aware that it was it's duty to prove what they report to the credit bureau, they attempt to abrogate responsibility to the Plaintiff.

Despite prior litigation and without verifying that the information being reported was true, Defendants' Equifax and HSBC allowed the false and misleading information to remain on Plaintiff's credit report.

Defendants' have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

The inaccurate information includes, but is not limited , That Plaintiff is deceased.

The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of a statement that the plaintiff is deceased which has effected Plaintiff's credit score.

Defendants' have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

Plaintiff's credit reports and file have been obtained from Defendants' and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of being reported as deceased.

At all times pertinent hereto, Defendants' were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants' herein.

At all times pertinent hereto, the conduct of the Defendants' as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**(c) The Legal Issues to be tried.**

1. Whether Defendants are each a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b);

2. Whether Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c);

3. Whether the credit report(s) provided by Defendants Equifax and relating to the Plaintiff were "consumer reports" as defined by the FCRA, 15 U.S.C. § 1681a(d);

4. Whether the Defendant Equifax followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report(s) as required by the FCRA, 15 U.S.C. § 1681e(b);

5. Whether the Defendant HSBC Card Services, Inc., failed to conduct reasonable investigations of Plaintiff's disputes after notification from the relevant consumer reporting agencies.

6. If violations are determined to have occurred, whether the Defendants' conduct was willful or negligent;

7. Whether Plaintiff is entitled to actual damages, and if so, the amount of actual damages to which Plaintiff is entitled;

8. Whether the Plaintiff is entitled to statutory damages pursuant to FCRA, 15 U.S.C. § 1681n;

9. The amount of statutory damages to be awarded to the Plaintiff;

10. Whether the Plaintiff should be awarded punitive damages;

11. Whether Defendants' conduct violated the Georgia Fair Businesses Practices Act (FBPA).

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check): This is not a complex case. 2. This case is complex because it possesses one (1) or more of the features listed below (please check): This is not a complex case. 2. This case is complex because it possesses one (1) or more of the features listed below (please check): This is not a complex case. This case is complex because it possesses one (1) or more of the features listed below (please check):**

**This is not a complex case.**

____ (1) Unusually large number of parties

____ (2) Unusually large number of claims or defenses

____ (3) Factual issues are exceptionally complex

____ (4) Greater than normal volume of evidence

____ (5) Extended discovery period is needed

____ (6) Problems locating or preserving evidence

____ (7) Pending parallel investigations or action by the government

____ (8) Multiple use of experts

___ (9) Need for discovery outside United States boundaries

___ (10) Existence of highly technical issues and proof

## 3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel

for the Plaintiff:

Plaintiff: Demetrius Nickens

Mr. Nickens will proceed ***pro-se as his own attorney*** in these proceedings.

## 4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?
___ Yes **X No.**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the**

**jurisdictional objection. When there are multiple claims, identify and discuss**

**separately the claim(s) on which the objection is based. Each objection should**

**be supported by authority.**

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

Plaintiff does not believe there are any additional necessary parties who have not

been joined.

**(b) The following persons are improperly joined as parties:**
None.

**(c) The names of the following parties are either inaccurately stated or
necessary portions of their names are omitted:**

None.

**(d) The Plaintiff shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the Plaintiff anticipate will be necessary:**

Plaintiff does not anticipate any additional amendments to the pleadings but reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable law. Furthermore, as discovery moves forward Plaintiff may need to file an Amended Complaint naming additional parties and counts.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

**(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.**

**(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.**

**(c) Other Limited Motions: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

Plaintiff does not object to <u>filing initial disclosures</u> and have filed the same simultaneous with the filing of this notice.

**9. Request for Scheduling Conference:**

**Does Plaintiff request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each** party.

Plaintiff believes that a settlement conference after discovery has concluded would be advantageous to all parties.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The allegations and defenses raised in the pleadings in this case; the Defendant's procedures for assuring accuracy and providing credit file disclosures; whether the Defendant's conduct was willful or negligent or both; the persons or entities to which Defendant supplied Plaintiff's credit reports; factors which may be used in determining whether Plaintiff is entitled to statutory damages and/or punitive damages, and the amount thereof pursuant to the FCRA at 15 U.S.C. § 1681n.

**If Plaintiff anticipates that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

None

**11. Discovery Limitations**
**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

Plaintiff proffers that in the event privileged documents or communications are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination as to the admissibility of such materials. Plaintiff agrees that producing documents and other communications inadvertently will not operate as a waiver of privilege.

Plaintiff proffers with respect to any e-mails and electronic documents and data produced in this case, that electronic files and hard copies of such e-mails and electronic documents and data would need to be produced.

Plaintiff believes that the parties should be limited to four (4) depositions of 7 hours each or one day as imposed under the Federal Rules of Civil Procedure and Local Rules.

Plaintiff believes that it will be advantageous for the Court to enter an order regarding the conduct of deposition to ensure that deposition proceed without delay.

Plaintiff does not anticipate the need for any further limitations on discovery other than those imposed under the Federal Rules of Civil Procedure and the Local

Rules. Plaintiff reserve the right to seek discovery beyond the limits set forth above by leave of court, for good cause shown.

**12. Other Orders:**

**What other orders do the plaintiff think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

Plaintiff agrees that a stipulated protective order should be entered by the Court to govern the use and disclosure of trade secret and other confidential research, development, and commercial information.

**13. Settlement Potential:** Likely.

((a) Plaintiff states that he is not required to confer with opposing counsel based on his pro-se status and have not conferred.

(b) Plaintiff was promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

**( _ ) A possibility of settlement before discovery.**

**( X__ ) A possibility of settlement after discovery.**

( __ ) A possibility of settlement, but a conference with the judge is needed.

( __ ) No possibility of settlement.

(c) Plaintiff ( X ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined. **Plaintiff and Defendant Equifax have preliminarily settled all claims and it is expected that a Notice of**

Voluntary Dismissal with prejudice after such terms of any settlement are finalized. Plaintiff and Defendant HSBC has engaged in some settlement discussions, but was unable to agree on the terms and conditions of such settlement. Plaintiff believes settlement will be possible after the close of discovery and request a settlement conference after discovery closes, but before Summary Judgment motions are due to be filed.

(d) The following specific problems have created a hindrance to settlement of this case.
The parties reached an impasse regarding the terms of said settlement amount and therefore settlement negotiations have been discontinued at this time.

14. Trial by Magistrate Judge:
Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court

(b) Plaintiff ( X ) does not consent to having this case tried before a magistrate judge of this Court.

# CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7 .1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5 .1(B). The foregoing MOTION was prepared on a computer, using Times New Roman 14 point font.

Respectfully Submitted,

Demetrius Nickens
PO Box 931292
Norcross, Georgia 30003
(770) 687-2052, Office
(443) 213-1480, Facsimile
dcnickens@comcast.net

PLAINTIFF SUI JURIS

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| **DEMETRIUS NICKENS** | * |
| PLAINTIFF | * |
|  | * |
|  | * |
| Vs. | * Civil Case.: **1:13-CV-0333** |
|  | * |
| **EQUIFAX INFORMATION SERVICES,** | * |
| **LLC**, *et al* | * |
|  | * |
| DEFENDANTS | * |
|  | * |

\* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \*\* \* \* \* \* \* \*\* \* \* \* \*

## NOTICE OF SERVICE

**I HEREBY CERTIFY THAT**, Plaintiff's Preliminary Reports and Discovery Plan with Exhibits A, B and C, was served on __8th__ ___day of __May__ 2013 via electronic mail and first class mail postage prepaid to:

**Betsy Tate, Esquire**
**KING & SPALDING**
**1180 Peachtree Street, NE**
**Atlanta, Georgia 30309**
*Counsel to Defendant Equifax Information Services, LLC*

**Alan D. Leeth, Esquire**
**BURR & FORMAN, LLP**
**171 17th Street, NW Suite 1100**
**Atlanta, GA 30363**
*Counsel to Defendant HSBC Card Services, Inc.*

Demetrius Nickens