IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMETRIUS NICKENS,                    :
                                      :
          Plaintiff,                  :
                                      :        CIVIL ACTION
v.                                    :
                                      :        NO. 1:13-CV-0333-TWT-ECS
EQUIFAX INFORMATION SERVICES,         :
LLC,                                  :
                                      :
          Defendant.                  :

**ORDER, REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**I.
Introduction**

Plaintiff Demetrius Nickens ("Plaintiff"), proceeding pro se,
filed this civil action against Defendant Equifax Information
Services, LLC ("Equifax") and former Defendant HSBC Card Services,
Inc. ("HSBC"), alleging that Defendants violated the Fair Credit
Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Georgia
Fair Business Practices Act ("FBPA"), O.C.G.A. §§ 10-1-390 et seq.,
among others, by reporting false credit information about him to
creditors. See [Docs. 1, 9-1, 13-1].

This matter is presently before the Court on Plaintiff's
"Motion For Leave To File Second Amended Complaint," [Doc. 9];
"Motion To Stay Plaintiff's Response on Defendant HSBC's Card
Services [sic] Motion to Dismiss," [Doc. 12]; "Motion For Leave To
File Third Amended Complaint," [Doc. 13]; and "Request For the Court

To Treat Plaintiff's Motion For Partial Summary Judgment As Conceded," [Doc. 22]. Also before the Court is the motion for partial dismissal of Plaintiff's First Amended Complaint filed by Defendant Equifax, [Doc. 3], and the motion to dismiss, [Doc. 5], motion to stay certain pretrial deadlines, [Doc. 6], and motion to strike Plaintiff's motion for partial summary judgment, [Doc. 18], filed by former Defendant HSBC.

For the reasons discussed below, Plaintiff's "Motion For Leave To File Second Amended Complaint," [Doc. 9], is **GRANTED**. **IT IS RECOMMENDED** that Defendant Equifax's motion for partial dismissal of Plaintiff's First Amended Complaint, [Doc. 3], be **DENIED as moot**. Plaintiff's "Motion For Leave To File Third Amended Complaint," [Doc. 13], is **GRANTED**; Plaintiff's "Motion To Stay Plaintiff's Response on Defendant HSBC's Card Services [sic] Motion to Dismiss," [Doc. 12], is **DENIED as moot**; and Plaintiff's "Request For the Court To Treat Plaintiff's Motion For Partial Summary Judgment As Conceded," [Doc. 22], is **DENIED as moot**.

Former Defendant HSBC's motion to dismiss, [Doc. 5], motion to stay, [Doc. 6], and motion to strike Plaintiff's motion for partial summary judgment, [Doc. 18], are all **DENIED as moot**.

2

**II.**
**Background and Procedural History**

**A. Factual Background**[1]

In 2007, Plaintiff opened an "account" with HSBC. [Doc. 9-1 ¶ 7]. Thereafter, Plaintiff failed to keep up with his payment obligations, and HSBC transferred Plaintiff's account "for collections." [Id. ¶ 8]. Then, in January 2010, Plaintiff began receiving notices from "West Asset Management" stating that Plaintiff was deceased and a claim was being filed against his estate. [Id. ¶ 9]. Around the same time, Plaintiff started receiving "decline letters" from creditors indicating that he was deceased. [Id. ¶ 10].

Plaintiff contacted Defendant Equifax in February 2010 and disputed his debt with HSBC. [Doc. 9-1 ¶ 11]. Equifax responded by telling Plaintiff that "the account a reported [sic] (i.e. Deceased) was correct." [Id. ¶ 12]. Plaintiff then sued Equifax, and the two eventually settled out of court. The "deceased" status was removed from Plaintiff's credit report in July 2010. [Id. ¶ 14].

In October 2012, Plaintiff reviewed his full credit report on freecreditreport.com and saw that Equifax did not have a credit

---

[1] This factual summary is derived from the allegations in Plaintiff's proposed Second and Third Amended Complaints, which contain identical facts. Compare [Doc. 9-1 ¶¶ 7-33] with [Doc. 13-1 ¶¶ 7-33].

score listed for him. [Doc. 9-1 ¶ 15]. A few months later, in January 2013, Plaintiff applied for a credit card from "Comentiy Bank [sic]," (hereinafter "the Bank") but his application was denied. [Id. ¶ 17]. The denial notice from the Bank indicated that Defendant Equifax "had reported Plaintiff as deceased." [Id.]. On January 27, 2013, Plaintiff reordered his credit report from Equifax, "at which time he noted that Defendant HSBC was re-reporting him as deceased, although they noted that this information was disputed." [Id. ¶ 18].

**B.   Procedural Background**

In his original Complaint filed on January 31, 2013, Plaintiff alleged FCRA violations as well as state law claims of defamation, negligence, invasion of privacy, and "Willful Breach of Settlement Agreement." See [Doc. 1]. Plaintiff amended his Complaint as a matter of right on February 7, 2013, (the "First Amended Complaint"), adding "Count VI" for "Willful Violation of 15 U.S.C. 1681(N)" and "Count VII" for violations of the FBPA. See [Doc. 2 ¶¶ 45-51, 52-54].

On February 22, 2013, Defendant Equifax filed the instant "Motion For Partial Dismissal of Plaintiff's Amended Complaint," [Doc. 3], arguing that Plaintiff's claims for negligence and FBPA violations (Counts IV and VII, respectively) should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4

[Doc. 3-1 at 2-5]. Specifically, with respect to the FBPA claims, Equifax argued that Plaintiff did not fulfill the notice requirements of O.C.G.A. § 10-1-399(b). See [Doc. 3-1 at 4-5]. Equifax also argued that Plaintiff's request for attorney's fees in his First Amended Complaint should be denied. [Id. at 5-7].

On March 6, 2013, Plaintiff responded to Defendant Equifax's motion for partial dismissal by agreeing to withdraw the claims for negligence and FBPA violations. [Doc. 10]. That same day, Plaintiff filed the instant "Motion For Leave To File Second Amended Complaint" with attached proposed complaint. [Docs. 9, 9-1]. Although Plaintiff's proposed Second Amended Complaint did not assert claims against Equifax for negligence or FBPA violations, Plaintiff stated that he was dismissing his FBPA claims without prejudice in order to comply with the Act's thirty (30) day pre-suit notice requirement. See [Doc. 9 at 2]. Equifax did not respond to Plaintiff's "Motion For Leave To File Second Amended Complaint," thereby rendering the motion unopposed. See LR 7.1B NDGa.

Approximately one month later, on April 2, 2013, Plaintiff filed the instant "Motion For Leave To File Third Amended Complaint." See [Doc. 13]. In his proposed Third Amended Complaint, Plaintiff reasserted claims against both Defendants for FBPA violations and added a count for "Punitive Damages." See [Doc. 13-1 ¶¶ 71-73, 74-82]. Defendant HSBC responded in opposition to

5

Plaintiff's motion on April 10, 2013, as did Defendant Equifax on April 15, 2013. [Docs. 16, 17].  Plaintiff filed a timely reply in support of his motion on April 24, 2013. [Doc. 21].

Thereafter, on May 31, 2013, Plaintiff and Defendant HSBC filed a joint stipulation of dismissal with prejudice of each claim and count asserted against HSBC. See [Doc. 28].  The Clerk approved the parties' stipulation of dismissal on June 3, 2013, leaving Defendant Equifax as the sole remaining defendant in this case. See [Doc. 29].

### III.
### Preliminary Matters

As stated, Plaintiff and HSBC have no disputes over which to litigate because HSBC is no longer a party to this case.  Thus, any presently pending motion that arose from a past dispute between Plaintiff and HSBC has been rendered moot. See Portman Overseas Mgmt. Corp. v. Seacliff Ltd., 148 F. Supp. 2d 1368, 1370 (N.D. Ga. 2001)("A case is rendered moot when events occurring after the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief.").

Having reviewed the pending motions to determine which disputes remain ripe, the Court **DENIES as moot** Plaintiff's "Motion To Stay Plaintiff's Response on Defendant HSBC's Card Services [sic] Motion to Dismiss," [Doc. 12], and "Request For the Court To Treat Plaintiff's Motion For Partial Summary Judgment As Conceded," [Doc.

22].  Likewise, former Defendant HSBC's motion to dismiss, [Doc. 5],
motion to stay, [Doc. 6], and motion to strike Plaintiff's motion
for partial summary judgment, [Doc. 18], are all **DENIED as moot.**

In addition, Defendant Equifax's motion for partial dismissal
of Plaintiff's First Amended Complaint, [Doc. 3], has also been
rendered moot.  In its motion, Equifax sought the dismissal of
Plaintiff's negligence and FBPA claims, and Plaintiff agreed to
withdraw those claims in his "Motion For Leave To File Second
Amended Complaint."  Equifax did not oppose Plaintiff's proposed
amendments.  Accordingly, Plaintiff's "Motion For Leave To File
Second Amended Complaint," [Doc. 9], is **GRANTED.** The Court therefore
**RECOMMENDS** that Defendant Equifax's motion for partial dismissal of
Plaintiff's First Amended Complaint, [Doc. 3], be **DENIED as moot.**

Having addressed all preliminary matters, the Court now turns
to the issue of whether Plaintiff should be allowed to amend his
complaint a third time to reassert claims for FBPA violations
against Equifax.

## IV.
## The "Motion For Leave To File Third Amended Complaint"

**A. Amendments to Pleadings**

"The decision whether to grant leave to amend is within the
sound discretion of the trial court." <u>O'Brien v. Union Oil Co.</u>, 699
F. Supp. 1562, 1571 (N.D. Ga. 1988)(citing <u>Zenith Radio Corp. v.</u>

7

Hazeltine Research Inc., 401 U.S. 321 (1971)). Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course ... before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). Thereafter, a party may amend the pleadings only upon leave of court or by obtaining written consent of the opposing party. See Fed. R. Civ. P. 15(a)(2). The rules provide that leave to amend should be freely given when justice so requires. Id.

Although the court has discretion to deny a proposed amendment, there must be a substantial reason for such a denial, because "Rule 15(a) severely restricts the district court's freedom." Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989); see also Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1269, 1274 (11th Cir. 2001)(per curiam). Substantial reasons justifying the denial of a proposed amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003).

"[A] proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to

dismiss." <u>Amick v. BM & KM, Inc.</u>, 275 F. Supp.2d 1378, 1381 (N.D.
Ga. 2003) (citing <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1326-27
(11th Cir. 2001)).  In this regard, a motion to dismiss under Rule
12(b)(6) should be granted if the plaintiff does not plead "enough
facts to state a claim to relief that is plausible on its face."
<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).  "Regardless of the
alleged facts, however, a court may dismiss a complaint on a
dispositive issue of law." <u>Moore v. McCalla Raymer, LLC</u>, ___ F.
Supp.2d ___, 2013 WL 28253, (N.D. Ga. 2013) (citing <u>Marshall County</u>
<u>Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th
Cir. 1993)); <u>see</u> <u>also</u> <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304,
1308 (11th Cir. 2006); <u>Aque v. Home Depot U.S.A., Inc.</u>, 629 F.
Supp.2d 1336, 1350 (N.D. Ga. 2009).

The Court will apply the above standards when considering
Plaintiff's proposed amendment.

**B.   The Fair Business Practices Act**

In support of his "Motion For Leave To File Third Amended
Complaint," [Doc. 13], Plaintiff states that he did not realize that
the FBPA "had an *ante litem* provision requiring Plaintiff to give
30-day notice of his intent to bring such claim [sic] against
Defendant." <u>See</u> [Doc. 13 at 1].  Having provided that notice since
the filing of his "Motion For Leave To File Second Amended
Complaint," [Doc. 9], Plaintiff contends that his FBPA claims are no

9

longer subject to dismissal. [Id. at 2]; see also [Doc. 13-1 ¶¶ 77, 78].

Equifax opposes Plaintiff's motion on futility grounds, arguing that the allegations that Equifax reported Plaintiff as deceased "had no potential for harm to the general consuming public but rather had potential impact solely upon Plaintiff." [Doc. 16 at 9-12].[2] Absent such "public" harm, Equifax contends that Plaintiff cannot state a claim for relief under the FBPA, rendering the amendment futile. [Id.]. Plaintiff replies that allowing him to assert FBPA claims against Equifax would not be futile, because "reporting inaccurate information on the credit report is of public concern," and thus within the scope of the Act. See [Doc. 21 at 11-13]; [Doc. 13-1 ¶¶ 79-80].

Accordingly, the issue to be decided is whether the FBPA is implicated when a consumer reporting agency ("CRA") knowingly distributes false credit information to a consumer's potential creditors, who in turn rely on that information to deny the consumer's application for credit.

---

[2]  In its two page response, Equifax states that it adopts former Defendant HSBC's arguments located at [Doc. 16 at 4-6, 9-12], in opposing Plaintiff's proposed Third Amended Complaint. See [Doc. 17]. Equifax has not challenged whether the actions taken by Plaintiff after filing his "Motion For Leave To File Second Amended Complaint" satisfy the notice requirements of O.C.G.A. § 10-1-399(b).

"The Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. 10-1-390 et seq., provides a state law remedy for acts made unlawful under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 41-58, and lists additional practices that are prohibited under state law." Harris v. Liberty Cmty. Mgmt., Inc., 702 F.3d 1298, 1303 (11th Cir. 2012). In determining whether the Act has been invoked, a court must consider whether the defendant's alleged activity "occurred in the conduct of consumer transactions and consumer acts or practices." Larson v. TandyCorp., 187 Ga. App. 893, 896, 371 S.E.2d 663 (1988). This is so because "[t]he stated intent of the FBPA is to protect the public from acts and practices which are injurious to consumers, not to provide an additional remedy for private wrongs which do not and could not affect the consuming public generally." Maralle v. Gwinnett Place Ford, 271 Ga. App. 303, 307, 271 S.E.2d 659, 664 (2005); see also Davis v. Rich's Dep't Stores, Inc., 248 Ga. App. 116, 545 S.E.2d 661, 663 (2001) (stating that "[t]he FBPA is ... concerned only with acts or practices that harm, or could harm, the consumer marketplace"); Zeeman v. Black, 156 Ga. App. 82, 84, 273 S.E.2d 910 (1980) (stating that a suit brought under the FBPA "must serve the public interest and implement the purpose of the FBPA — the end to unfair or deceptive acts or practices in the public consumer marketplace").

11

Here, Plaintiff complains of actions that affect the consuming public generally, not just him. The "false[] reporting [of] consumers' credit histories has a potential adverse effect on the consumer marketplace and the economy in general." 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga. App. 457, 458-59, 654 S.E.2d 428, 431 (2007) (holding that a violation of the FDCPA, 15 U.S.C. § 1692 et seq. is a violation of the FBPA) (quoting Garner v. Academy Collection Service, Inc., No. Civ.A.3:04-CV-93-JTC, 2005 WL 643680 (N.D. Ga. Mar. 11, 2005))); see also Gilmore v. Account Management, Inc., 357 Fed. App'x 218, 220-21 (11th Cir. 2009). Moreover, under O.C.G.A. § 10-1-391(b), the FBPA is to be "construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the [FTCA] (15 U.S.C. § 45(a)(1))."[3] Acts that violate the FCRA are by definition "unfair or deceptive acts or practices in commerce in violation of section 5(a) of the [FTCA] (15 U.S.C. § 45(a))." See 15

---

[3]   In the context of considering whether an attorney necessarily violates the FBPA by violating the FDCPA, the Georgia Supreme Court has stated that "O.C.G.A. § 10-1-391(b) does not constitute a 'legislative mandate' for consistent interpretation of the FBPA and the [FTCA]...." Rather, "[c]onsistent construction of these federal and state laws must take into account the differences between the statutory schemes." State ex rel. Doyle v. Frederick J. Hanna & Associates, P.C., 287 Ga. 289, 293, 695 S.E.2d 612, 615-16 (2010). Any such differences between the statutory schemes of the FBPA and the FCRA are accounted for here, where the issue is whether Equifax's alleged actions could harm the consumer marketplace.

AO 72A
(Rev.8/82)

U.S.C. § 1681s(a). It bears noting in this regard that Equifax has not argued that the allegations are insufficient to establish a violation of the FCRA. When the FBPA is construed consistently with the FTCA, as required by O.C.G.A. § 10-1-391(b), Plaintiff's allegations show acts that harm, or could harm, the consumer marketplace.

In opposing Plaintiff's proposed amendment, Equifax does not appear to have adopted HSBC's argument that Plaintiff's FBPA claims are preempted by the FCRA. See [Doc. 17]; [Doc. 16 at 9-12]. In an abundance of caution, however, the undersigned will briefly address the issue. In its response, HSBC relied on 15 U.S.C. § 1681t(b)(1)(F) to argue that Plaintiff's state law claims, including FBPA violations, were preempted by the FCRA. See [Doc. 16 at 8-9]. "Preemption in § 1681t(b)(1)(F) applies only to claims against furnishers of information, which could still leave a range of operation for § 1681h(e) as it applies to claims against consumer reporting agencies and users of information." Randall D. Quarles, Splintered District Courts Continue to Struggle with Federal Preemption of Credit-Reporting Claims, 27 No. 3 Banking & Fin. Services Pol'y Rep. 8, 10 n.22 (2008) cited in Spencer v. Nat'l City Mortgage, 831 F. Supp. 2d 1353, 1359 (N.D. Ga. 2011). Plaintiff alleges here that Equifax is a "consumer reporting agency," see [Doc. 13-1 ¶ 35], as that term is defined in the FCRA. Therefore,

13

preemption under § 1681t(b)(1)(F) is not an issue applicable to Equifax.

Moreover, Equifax's previous suggestion that a CRA violates the FBPA only when it engages in the conduct specified at O.C.G.A. § 10-1-393(b)(29) is based on an erroneously narrow view of the Act. See [Doc. 3-1 at 5 n.1]. The Code specifically states that the proscribed acts to which Equifax refers are "[b]y way of illustration only" and provided "without limiting the scope of subsection (a) of this Code Section." See O.C.G.A. § 10-1-393(b). Likewise, O.C.G.A. § 10-1-391(a) instructs that the FBPA "shall be liberally construed and applied to promote its underlying purposes and policies."

For these reasons, the undersigned concludes that Plaintiff's FBPA claim against Equifax is not futile. Accordingly, Plaintiff's "Motion For Leave To File Third Amended Complaint," [Doc. 13], is **GRANTED**.

### V.
### Conclusion

For the reasons stated herein, Plaintiff's "Motion For Leave To File Second Amended Complaint," [Doc. 9], is **GRANTED. IT IS RECOMMENDED** that Defendant Equifax's motion for partial dismissal of Plaintiff's First Amended Complaint, [Doc. 3], be **DENIED as moot**. Plaintiff's "Motion For Leave To File Third Amended Complaint,"

14

[Doc. 13], is **GRANTED**; Plaintiff's "Motion To Stay Plaintiff's Response on Defendant HSBC's Card Services [sic] Motion to Dismiss," [Doc. 12], is **DENIED as moot**; and Plaintiff's "Request For the Court To Treat Plaintiff's Motion For Partial Summary Judgment As Conceded," [Doc. 22], is **DENIED as moot**. Former Defendant HSBC's motion to dismiss, [Doc. 5], motion to stay, [Doc. 6], and motion to strike Plaintiff's motion for partial summary judgment, [Doc. 18], are all **DENIED as moot**.

In light of the above, and considering that HSBC is no longer a party to this action, Plaintiff is hereby **ORDERED** to re-file his Third Amended Complaint against Defendant Equifax within ten (10) days of the date of this order.  Defendant Equifax may respond to the Third Amended Complaint as provided by law and the Federal Rules of Civil Procedure.

**SO ORDERED, REPORTED AND RECOMMENDED** this 5th day of August, 2013.

_s/ E. Clayton Scofield_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

15